Pro Se    United States District Court;

**FILED.**

DEC 15 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

Date: 10-1-25

Plaintiff,    Defendants;

Malcolm White    v    Odessa Police Dept.
Brian Cadena
Jesus Escudero
Cheif Steve Lejune

Civil Action Complaint

SA25CA1824 JKP

Juristiction + Venue (b)

This is a civil action authorized by 42 U.S.C. 1983 to redress the deprivation under color of law, state law and rights secured by the constitution of the United States. The court has juristiction under 28 U.S.C. section 2201 and 2202, plaintiffs claims for injunction relief are authorized by 28 U.S.C. 2283 and 2284 and rule 65 of the federal rules of procedures.

Plaintiff Malcolm White  in and was at all times mentioned herein a prisoner of the state of texas in custody, he is currently in the Ector Co. jail.

Pro Se

## Civil Complaint
## NO:

Date: 10-1-25

(D) III
(4)  Defendants;

| Defendants | Organization | Title | Address |
|---|---|---|---|
| in whole capacity | Odessa Police Department | Police Department | Police Department | 205 N. Grant Ave. Odessa TX. 79761 |
| in whole Capacity | Steve Lejune | Odessa Police Department | Police Cheif | 205 N. Grant Ave Odessa TX. 79761 |
| in whole capacity | Brian Cordeno | Odessa Police Department | Police Officer | 205 N. Grant Ave Odessa TX. 79761 |
| in whole Capacity | Jesus Escudero | Odessa Police Department | Police Officer | 205 N. Grant Ave Odessa, Tx. 79761 |
| | | | | |
| | | | | |

III  Facts (E)

See Exibits

IV  Legal Claims (F)

See Facts

Civil Action
NO:

Pro Se

Date: 10-1-25

Prayer;

Wherefore, premisis considered, plaintiff Malcolm White respectfully prays that the court enter a judgement granting plaintiff relief in said matter.

A declaration that the acts and omission described herein violates plaintiffs rights under the constitution and laws of the United States of America.

A preliminary and permenant injunction ordering defendants to release plaintiff; (28 U.S.C. section 2283 and 2284 rule 65)

Punitive damages in the amount of $25,000,000⁰⁰ against each defendant and jointly and severally.

Compensatory damages in the amount of $10,000,000⁰⁰ against each defendant and jointly and severally.

A jury trial on all issues triable by jury.

4

## Civil Complaint
### NO:

Pro Se

Date: 10-1-25

Any additional relief the court deems just, proper and equitable;

$ _____

Date: _____ (H)

Respectfully Submitted;
Name: Malcolm White
Address. P.O. Box 331
Odessa, Texas 79761
            79761

## Verification ;(I)

I have read the proging complaint and hereby verify that the matters alledged therein are true except as to matters alledged as information and belief, and to those I believe to be true and correct.

Notary State of Texas:
Sign: Pedro J Diaz
Date: 19 Oct 2025

Respectfully Submitted:
Sign: _____
Date: 10.17.25
Print: Malcom White

PEDRO J DIAZ
Notary Public
STATE OF TEXAS
Notary ID # 12802082-6
My Comm. Exp. January 20, 20__

Pro Se

<u>Civil Complaint.</u>
<u>NO:</u>

<u>Date: 10-1-25</u>

IIII    Facts: (E)    (See Exibets:) A, B, C, D

(A) Statement

(B) Harms Done

(C) Report NO: #240002438

(D) Incident Report #240002438    (Report 2 of 2)

(E) ANOGENITAI Diagram    #240002438

(F) Medical Forensic assesment report - 240002438

(G) Medical Forensic assesment Report #240002438

Facts (E)

Pro Se   Statement;

Date: 10-1-25

RE: Odessa Police Department;

My name is Malcolm White, I am
currently incarcerated in the Ector County
Detention Center. I am bringing this
(42 U.S.C. 1483) against the Odessa police
Department, The chief of police of odessa
Steve Lejune, also officer (Brian
Cordero badge No: 8019) and (Jesus Escudero
Badge #NO: 9437) Due to the fact that Chief
Steve Lejune is in charge administrative
procedures, policy and regulation that have
been implemented but not followed for
the following reasons. I was arrested on
a felony of the first degree and am still
incarcerated at this time due to the complete
oversight neglect of policy of this department
I thought there would have been some
kind of administrative oversight in a police
department of this magnitude. The chief of
police is the supervising officer over
this department and has neglected viewing
reports or incidents which has led to me
being charged with a first degree felony
the chief of police Steve Lejune has the

Facts (E)

Pro Se  Statement  Cont'

Date: 10-1-25

responsibility of administrative decisions
and policy and regulation and oversight
of all the officers in his department, the
officers listed in this suit (42 U.S.C. 1983)
are Brian Cordero and Jesus Escudero as well
as the police chief  Steve Lejune himself for
my illegal incarceration, Libel, Slander,
Malocous Prosecution, defamation of Character,
Fourteenth United States Constitutional Amendment,
Sixth United States Constitutional Amendment,
Fith United States Constitutional Amendment
and my Equal Protection laws of the
United States of America

RE: Brian Cordero                 Badge No: 8019

On 2-27-24 officer Brian Cordero of
the Odessa Police department submitted false
accusations in a police report against me
which resulted in an illegal search warrant
and unlawfull arest, at the time of the police
report officer Brian Cordero # 8019 stated that
there was penetration to the Victim which
resulted which resulted in the charge of a
first degree felony, later after the medical
report showed that there was no penetration

3

Facts (E)                                Exibit (A)

Pro Se    Statement;

Cont'                                    Date: 10-1-25

officer Brian Cordero never submitted his previous statement, so when the police report was sent to the district attorneys office an indictment was brought against me for a first degree felony of Aggravated Sexual assault of a Child which has resulted in an illegal incarceration, an unlawfull arrest and malicious prosecution which is a Violation of my due process fourteenth amendment of the United States of America Constitution and my equal protection laws.

RE: Jesus Escudero            Badge No: 9437

On 2-21-24 officer Jesus Escudero # 9437 of the Odessa police department in Odessa Texas submitted a false police report and information pertaining to the relationship to the victim and parent of the victim which has made my situation even worse, he applied in a statement that I was a "stranger" knowing the damage this would do to my court proceedings in the future. This information was applied knowing that me and the victims mother Jamyra Johnson were in a dating relationship which was created threw text messages, phone calls

Facts (E)                                          Exibit (A)     4

Pro Se   Statement :

Cont'                                              Date: 10-1-25

RE: Jesus Escudero #9437

and a statement from Jamyra Johnson the
accusations of me being a "stranger" was applied
to the police report which makes it appear
as if I were just someone that stalked
and terrorized this family and this single
word "STRANGER" has an impact on my indictment
and court process in which officer
Jesus Escudero never subtracted from his
police report to this date in which has
led to an Illegal Incarceration, Libel, Slander,
Malicious Prosecution and defamation of Character
along with a Violation of my 14th, 6th
5th United States Constitutional Amendment
along with my equal protection laws of
the United States of America -

            Certificate of Service

    I certify that the above and forgoing
document is true and correct and any
untrue statement will subject me to the
penalty of perjury.

Date: 10-19-25                    Sign:

                                  Print: Malcom White

_Facts (E)_

Go So

## Harm Done

Date: 10-1-25

Mental Anguish
Shame
humiliature
Legal Expenses
Emotional Destress
Embarrasment


Depravation of Constitutional Rights
False Impissonment
Malicious Prosecution
Libel
Slander
Ineffective Council

SEARCH WARRANT NUMBER 2024-ECC-001011

| THE STATE OF TEXAS | § | IN THE ECTOR COUNTY DISTRICT COURT |
|---|---|---|
| | § | |
| THE COUNTY OF ECTOR | § | 161st Judicial District |

This day personally appeared before me, the undersigned judicial officer of said county, BRIAN CORDERO known to me to be a credible person, who, after having been first duly sworn, depose and say:

1. There is, within MIDLAND County, Texas, an individual, MALCOLM ROLANDO WHITE , further described as: Race: Black/African American, Sex: Male, DOB: 11/23/1988

2. It is the belief of Affiant, and Affiant hereby charges and accuses that said described property is evidence of the following crime:

   AGG SEXUAL ASSAULT CHILD--(1st Degree Felony)

   On or about 02-27-2024, MALCOLM ROLANDO WHITE  intentionally and knowingly committed the aforementioned offense at: 4801 E 50ST.

3. There is on said person items constituting evidence of said offense and/or constituting evidence tending to show that a particular person committed said offense, described as follows:
   - Deoxyribonucleic Acid – Buccal Swab – Saliva and/or
   - Deoxyribonucleic Acid – Blood Draw – Whole Blood

Affiant has probable cause for said belief by reason of the following facts and circumstances:


1. On 2/27/2024 an indecency with a child report was made to the Odessa Police Department by the mother of the victim that occurred in the city of Odessa, TX, Ector County.

2. Affiant was advised by the mother that the incident occurred as follows; The mother, a 4-year-old female identified as BK, and a male subject identified as Malcolm White DOB 11/23/1988 were in a hotel
room. After some time, the mother and Malcolm decided it was time to go to sleep, and the arrangement
was made that Malcolm would sleep on the couch and the two others would sleep on the bed. Both BK
and the mother then lay down on the bed and went to sleep.

3. After being asleep for approximately 10 minutes, the mother was woken up by movement on the bed.
The mother then moves the covers and observes BK on her back with her legs open and facing toward the

Odessa Police Department                    Report Number #24-0002438

*FACTS (2)*     *Exhibit ( C )* *cont*

edge of the bed with Malcolm's head positioned on BK's pubic area. The mother then got up and got Malcolm ran away from BK by screaming and kicking at him.

4. A forensic interview was later conducted on BK. In the interview, BK made the outcry that someone
put their mouth on her "front butt" which was then clarified to mean her vagina. BK described feeling
pain and that it was wet. BK was then given two anatomically correct dolls and asked to demonstrate how
the incident occurred, BK then positioned the male doll's face onto the female doll's pubic area. Bk stated
that it happened on the bed and that once her mother observed what happened, she began to scream. The
interview was then concluded.

5. Affiant spoke with Malcolm over the phone who provided a statement on the matter. Malcolm placed
himself at the scene, however, he denied having performed any sexual acts on the child.

6. Based on the above-stated facts and circumstances, it was determined that Malcolm White did then
penetrate the vagina of BK, a 4-year-old child with his mouth.

7. Affiant seeks a search warrant for buccal cell and/or saliva containing the DNA of Malcolm White as it constitutes evidence of the offense of Aggravated Sexual Assault of a Child, a first-degree felony.

Affiant requests authority from the Court to transport, remove, or take any property or evidence seized pursuant to the warrant requested herein to any location deemed necessary for purposes of safekeeping, analysis, processing, and completion of any investigation or proceedings related to the activities described in this Affidavit.

Should *MALCOLM ROLANDO WHITE* refuse to cooperate, your affiant asks any peace officer, or agent of the Odessa Police Department or any other law enforcement agency be authorized use reasonable force to physically compel him or her to provide a sample.

Wherefore, affiant asks for issuance of a warrant that will authorize affiant and other peace officers to take temporary custody of said suspected party for purposes of execution of the warrant and to search said suspected person and to seize the same through buccal swabs or blood draw.

*BRIAN CORDERO*

BRIAN CORDERO
Affiant

Odessa Police Department          Report Number #24-0002438

Odessa Police Dept. - TX
Incident Report 24-0002438-2 (Report 2 of 2)



Juvenile

# Names (continued)

### Other - JOHNSON, JAMYRA E (continued)    Author: Escudero, Jesus · Edited by Cordero, Brian

Phone Number Type: Home    Phone Number: (█████████
Phone Number Type: Home    Phone Number: (█████████

### Victim - ████████    Author: Escudero, Jesus · Edited by Cordero, Brian

**Involvement**
Role: Victim    Offense: 22.021(a)(2)(B) - AGG SEXUAL ASSAULT CHILD - F1

**Victim Details**
Victim Type: Individual    Victim Was Injured: No

**Identity**
Type: Known    Last Name: ██████    First Name: █████    DOB: █████████

**Identifying Documents**
ID Type: Driver's License

**Description**
Age: ██    Sex: Female    Race: Black or African American    Ethnicity: Not Hispanic or Latino    Height: 2' 8"
Eye Color: Brown    Hair Color: Black    Hair Length: Shoulder    Hair Style: Afro    Facial Hair: None    Hair Type: Thick

**Contact**
Address Type: Home    Location: ███████████████
Phone Number Type: Home

**Relationships**
Name: White, Malcolm    Is: Stranger

### Arrestee - White, Malcolm    Author: Escudero, Jesus · Edited by Cordero, Brian

**Involvement**
Role: Arrestee    Offense: 22.021(a)(2)(B) - AGG SEXUAL ASSAULT CHILD - F1

**Identity**
Type: Known    Last Name: White    First Name: Malcolm    DOB: 11/23/1988

**Identifying Documents**
ID Type: Driver's License    Issuing State: Texas    ID Number: 44368779

**Description**
Age: 35    Sex: Male    Race: Black or African American    Ethnicity: Not Hispanic or Latino    Height: 5' 10"    Weight: 185
Eye Color: Brown    Hair Color: Brown    Facial Hair: Beard    Complexion: Dark    Resident Status: Nonresident

**Contact**
Address Type: Home    Location: 3504 Thomas Ave, Midland, TX, 79703, USA
Phone Number Type: Mobile    Phone Number: (470) 583-4301

**Relationships**



Facts(E)  24-0002438

# MEDICAL FORENSIC ASSESSMENT REPORT

**BODY SURFACE ASSESSMENT** Include details of injury.

☒ No acute injury noted ☒ See body diagram ☐ Alternate light source used

___

___

___

___

**ANOGENITAL ASSESSMENT** Include details of injury. | ☒ No acute injury noted | ☐ See anogenital diagram

☐ Colposcope used ☐ Other form of magnification: _____

☐ Toluidine blue dye used ☐ Speculum used ☐ Foley catheter used ☐ Gyne swab used

Sexual Maturation Rating (Tanner Stage): Breast: ☐ NA ☒ 1 ☐ 2 ☐ 3 ☐ 4 ☐ 5

Genitalia: ☒ 1 ☐ 2 ☐ 3 ☐ 4 ☐ 5

| ☐ NA | ☐ Not visualized | Labia majora: no injuries |
| ☐ NA | ☐ Not visualized | Labia minora: no injuries |
| ☐ NA | ☐ Not visualized | Posterior fourchette: no injuries |
| ☐ NA | ☐ Not visualized | Fossa navicularis: no injuries |
| ☐ NA | ☐ Not visualized | Hymen: non estrogenized, intact, no injuries |
| ☐ NA | ☒ Not visualized | Vagina: |
| ☐ NA | ☒ Not visualized | Cervix: |
| ☐ NA | ☐ Not visualized | Perineum: no injuries |
| ☐ NA | ☐ Not visualized | Anus: no injuries |
| ☒ NA | ☒ Not visualized | Penis: |
| ☒ NA | ☐ Not visualized | Scrotum: |

END OF MEDICAL FORENSIC ASSESSMENT REPORT Ending time of exam: 0040

PLAN OF CARE FOR THE ENCOUNTER:

1) sexual assault per pt history
2) no bodily injury noted
3) no anogenital injury noted
4) crime labs pending

_Signature_ RN CA CPSANE 2-27-24 0040

Examiner Signature _____ Date _____ Time

Page ____ of ____

Examiner's Initials: _____

ATT:
MRN: 646028
FIN: 1203115034

TX100B:MFAR-4.1 6/22

# MEDICAL FORENSIC ASSESSMENT REPORT

**PRIOR TO EVIDENCE COLLECTION, patient has:**

☐ Bathed _____  ☐ Showered _____  ☐ Wiped/washed _____

☒ Urinated _____  ☐ Defecated _____  ☐ Vomited _____

☐ Changed underwear _____  ☐ Changed clothes _____  ☐ Had food or drink _____

☐ Brushed teeth/used mouthwash _____  ☐ Smoked/vaped _____

☐ Swam _____  ☐ Other: _____  ☐ None of the above _____

**AT TIME OF ASSAULT(S), was:**

| | | | | |
|---|---|---|---|---|
| Lubricant used during assault(s)? | ☐ Yes | ☒ No | ☐ Unknown | |
| What kind? | ☐ Patient's saliva | | ☐ Reported perpetrator's saliva | |
| | ☐ Other: _____ | | | |
| Condom used during assault(s)? | ☐ Yes | ☒ No | ☐ Unknown | ☐ Not applicable (NA) |
| Tampon present during assault? | ☐ Yes | ☐ No | ☐ Unknown | ☒ NA |
| Patient menstruating? | ☐ Yes | ☐ No | ☐ Unknown | ☒ NA |
| Reported perpetrator menstruating? | ☐ Yes | ☐ No | ☐ Unknown | ☒ NA |
| Reported perpetrator injured in any way? | ☐ Yes | ☐ No | ☐ Unknown | ☒ NA |
| If known, where? | | | | |

| | | | | |
|---|---|---|---|---|
| Was there penetration? | ☐ Oral | ☐ Genitalia | ☒ Anus | ☐ Unknown |
| | ☐ Other (specify): _____ | | | |
| Was there ejaculation? | ☐ Oral | ☐ Genitalia | ☐ Anus | ☐ Unknown |
| | ☐ Other (specify): _____ | | | |
| Did you experience any bleeding? | ☐ Yes | ☒ No | ☐ During  ☐ After | ☐ At present |

**AT TIME OF ASSESSMENT, was:**

| | | |
|---|---|---|
| Tampon present? | ☐ Yes | ☒ No |
| Menstruation? | ☐ Yes | ☒ No |

Page ____ of ____

Examiner's Initials: _BB_

MRN: 66___084   ATI:   FIN: 1203115034

TX100B;MFAR-3.1 6/22

Pro Se.

## Civil Complaint
### NO: _____

Date: 10-1-25

# I  Legal Claims (F)

## See Exibits:

(A) Libel: (article 5430 various Comm. Civ. St.

(B) Slander: (subdivision 29 Article 1995 R.S. 1925)

(C) 42 U.S.C. 1983

(D) XIV (Sec. 1) United States Constitution

(E) V United States Constitution

(F) VI United States Constitution

(G) Article 1529 Habeas Corpus

(H) 42 U.S.C. 1988

(I) Prejudices: (Jackson V State, 877 S.W. 2d, 768-771 Tex App 199

Legal Claims (F)

Pro Se

Date: 10-1-25

## Libel;

A defamation expressed in printing or writing tending to injure the reputation of one who is alive and thereby expose him to hate, public hate, contempt, ridicule or financial injury, or to impeach the honesty, integrity or virtue or reputation of anyone and thereby expose such person to public hate ridicule or financial injury.

Article 5430 Vernous Ann. Civ. St.

_Legal Claims_ (F)

Pro Se    _Slander_, (subdivision 29 Article 1995 R.S. 1925)

Date: 10-1-25

To be considered Slander per se the statement must:

① Impute the ommision of a Crime.

② Impute contradiction of a loathfull disease

③ Cause injury to a person, office, bussiness, proffession or calling.

④ Impute Sexual Misconduct (Goodman, 50 S.W. 3d at 140).

⑤ Mosser V Smith Prot. Serv. Inc., 723 S.W. 2d 653, 654, 655 (Tex. 1987)

Pro Se    42 U.S.C. 1983  United States Constitution

Every person who, under color of any
statue, ordinance, regulation, custom of
usage, of any state or territory or distinct
of columbia subjects or causes to be subjected,
any citizen of the united states or other
persons within the jurisdiction thereof to the
deprivation of any rights, preveledges or immunites
secured by the constitution and laws shall
be liable to the party injured in any action
at law, suit in equity or other property
for redress.

Date: 10-1-25

Pro Se    XIV sec. 1 United States Constitutional Amendment;

All persons born or naturalized in the United States and subject to the jurisdiction thereof are citizens of the United States wherein they reside. No State shall make or enforce any new laws which shall abridge the privilages or immunities of citizens of the united states; nor shall any state deprive any person of life, liberty or property without due process, nor deney to any person within its jurisdiction the equal protection of any laws.

Date: 10-1-25

10 Se

## V United States Constitutional Amendment;

No person shall be held to answer for a Capitol or otherwise infamous crime; unless on presentment or indictment of a grand jury except in cases arising in the land or navel forces in the Malita when in actual service in time of war or public danger. Nor shall any person be subjected for the same offence be put twice in jeopardy or life or limb, nor shall be compelled in any criminal case be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law, nor shall private property be taken for public use without just compensation.

Date: 10-1-25

Pro Se    VI United States Constitutional Amendment;

In all prosecutions, the defendant shall enjoy the right to a speedy trial and public trial by an impartial jury of the state and district wherin the crime shall have been committed, which district shall have been previously asscertained of law and to be informed of the nature and cause of the accusations and to be confronted with the witness against him, to have compulsory process for obtaining witness in his favor and to have the assistance of counsel for his defense.

Date: 10-1-75

Pro Se  <u>Article 1529,</u>

To issue writs of habeas corpus in all cases where any person is restrained of his liberty by virtue of any order, process or confinement, issued by any court or judge on account of the violation of an order, judgment or decree therefore made rendered or entered by such courts or judges in any civil or criminal cause, it is by virtue of the statue that the court issue writs of habeas corpus.

<u>Date : 10-1-75</u>

_Legal Claus (F)_

_Pro Se_    42 U.S.C. § 1988

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this title and of the title "Civil Rights" and the title "Criminal Crimes" for the protection of all persons in the United States in their civil rights and for their vindication shall be enforced and exercised in conformity with the laws of the United States so far as such laws are suitable to carry the same effect but in all cases where they are not adopted by the object or law as modified and changed by the constitution and statutes of the state wherein the court having jurisdiction of such civil or criminal cases is held, so far as same is not inconsistent with the constitution and laws of the United States shall be extended to and governed the said court in the trial and disposition of the cause.

Date: 10-1-25

Pro Se        <u>Prejudice;</u>

To demonstrate prejudice;

A defendant must show that there is a reasonable probability that but for counsels error, the result of a proceeding would have been different.

<u>Jackson V State, 877 S.W. 2d 768, 771 (Tex. Crim. app. 1994)</u>

Date: 10-1-25